(77 Misc. Rep. 408.)

## PEOPLE v. FEINMAN.

(Court of General Sessions, New York County. July; 1912.)

1. FALSE PRETENSES (§ 4*)—INDICTMENT—SUFFICIENCY.

   Accused cannot be adjudged guilty of larceny under allegations of an indictment under Penal Law (Consol. Laws 1909, c. 40) § 947, which, after charging that accused, with intent to deprive and defraud C. of certain goods and appropriate them to the use of defendant and of defendant's principal, did falsely pretend and represent to C. by a written instrument, set out in full, relating to the means and ability of the principal of accused to pay for the goods, and that the representations were in all respects false, and that C. did sell to the principal of accused on credit certain goods, and delivered them; such indictment plainly indicating that it was not the intent of C. to sell the goods to defendant, but to the defendant's principal.

   [Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 16; Dec. Dig. § 4.*]

2. FALSE PRETENSES (§ 4*)—INDICTMENT—SUFFICIENCY.

   An indictment charging larceny at common law by procuring the sale to defendant's principal upon false representations as to the latter's means and ability to pay for the goods is not demurrable; proof that the title to the goods passed or was intended to pass to defendant not being required.

   [Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 16; Dec. Dig. § 4.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. Abram Feinman was indicted for grand larceny.· Demurrer to indictment disallowed.

Samuel Markewich, of New York City, for defendant.

Robert C. Taylor, Asst. Dist. Atty., of New York City, for the People.

ROSALSKY, J.   The indictment charges the defendant with the crime of grand larceny in the second degree, in two counts.   The first count charges the defendant with having committed the crime by means of false and fraudulent pretenses and representations made in writing as to the financial means and ability of one Morris Feinman, not indicted, to pay for such goods as should be delivered to him; and the second count charges the defendant with having committed the crime of grand larceny as defined at common law.

[1]  The defendant demurs to the indictment on the ground that the facts therein stated do not constitute a crime. · The first count in the indictment alleges that:

"The defendant, Abram Feinman, on the 22d day of August, 1910, at the borough of Manhattan, county of New York, with intent to deprive and defraud Hyman Cohen & Son of certain goods, and to appropriate the same to his own use and to the use of one Morris Feinman, of whom the said Abram Feinman was then and there the attorney in fact, did then and there feloniously, fraudulently, and falsely pretend and represent to the said firm, in writing, to wit, in and by a certain written instrument of and relating to the means and ability of the said Morris Feinman to pay for the said goods, which said statement was then and there signed by said Abram Feinman for and in behalf of said Morris Feinman, to wit, as follows: 'Morris Feinman, Abram Feinman, Atty.'  That the said Hyman Cohen & Son, believing the said false and fraudulent pretenses and representations made by the defendant, Abram Feinman, and being deceived thereby, were induced to sell and did sell to the said Morris Feinman on credit, and did deliver to the defendant Abram Feinman, certain merchandise, and the said defendant, Abram Feinman, did feloniously and fraudulently receive and obtain the merchandise from the possession of Hyman Cohen & Son by color and by aid of the false and fraudulent representations in writing, without any intention that he or Morris Feinman should pay for the same, and with intent to deprive and defraud the said Hyman Cohen & Son of the same, and to appropriate the same to his use, and to the use of the said Morris Feinman."

The indictment further contains allegations that the representations so made in writing by the said Abram Feinman were in all respects false and untrue, as the said Abram Feinman at the time of making the same well knew.

Section 947 of the Penal Law provides as follows:      ₁

"A purchase of property by means of a false pretense is not criminal, where the false pretense relates to the purchaser's means or ability to pay, unless the pretense is made in writing and signed by the party to be charged."

The important question to be determined under the first count of the indictment is whether the defendant can be held criminally liable in view of the specific allegations in the indictment that Hyman Cohen & Son did sell to the said Morris Feinman on credit, and deliver to the said Abram Feinman, certain goods.   To determine the validity of an indictment charging a defendant with the crime of larceny by means of false and fraudulent representations, it is essential that it

should appear upon the face of the indictment that the owner intended to surrender to a defendant both his title to and his possession in his property, provided the means by which title and possession are acquired are such as in law are denominated false pretenses.

It is clear that under section 947 of the Penal Law a purchase of property implies both sale and delivery to the person to be charged therewith. This provision, manifestly, has reference to a case where both title and possession are parted with. The indictment plainly indicates that it was not the intent of the complainants to sell the merchandise to Abram Feinman, the defendant. In consequence, no title ever passed to him. The sellers in this transaction intended to deal, not with the defendant, but with his principal, Morris Feinman, and payment was looked for, not from the defendant, but from Morris Feinman, the party to whom credit was extended.

It might be contended that the defendant, Abram Feinman, aided and abetted Morris Feinman in the commission of his crime, if crime there be; but the answer to that contention is that, to constitute one an accomplice in the commission of a crime, he must be so connected with it that he might himself have been convicted of the precise crime. In this connection, however, it is apparent that, since Abram Feinman did not acquire title to the property, although he did obtain possession thereof, he cannot, under the allegations of the first count in the indictment, be adjudged guilty of larceny by means of false and fraudulent pretenses and representations.

On and after September 1st, of this year, it will be—

"illegal for a person knowingly to make or cause to be made, either directly or indirectly, or through any agency whatsover, any false statement in writing with intent that it shall be relied upon respecting the financial condition or means of ability to pay of himself or any other person, firm or corporation in whom he is interested or for whom he is acting, for the purpse of procuring in any form whatsoever either the delivery of personal property * * * for the benefit of either himself or of such person, firm or corporation," etc. Penal Law (Consol. Laws 1909, c. 40) § 1293b, as added by Laws 1912, c. 340.

The Legislature, in order to meet a situation similar to the one presented in this case, obviously passed this wise and salutary statute. This legislation was a necessary outgrowth of business conditions, owing to the many dishonest practices which have been in vogue among unscrupulous merchants. Under this statute, the many obstacles to prosecutions of this character will be obviated, and conviction facilitated.

[2] The defendant, however, cannot escape trial under this indictment, for the reason that the second count thereof charges him with the crime of larceny as defined at common law. Under this count the people are not required to prove that the title passed, or was intended to pass, to the defendant, Abram Feinman, but are required to prove that he obtained the possession and custody of the property by means of trick and device, and that he feloniously appropriated it to his own use, or to the use of another. These allegations constitute the necessary elements of a common-law larceny, and his guilt or innocence should be passed upon by a jury.

Demurrer disallowed.